UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

FLORIDA CARRY, INC., a
Florida not for profit corporation, et al.,

        CASE NO. 19-cv-22303-KMW

    Plaintiffs,

vs.

CITY OF MIAMI BEACH, et al.,

    Defendants.
_____/

**DEFENDANT JIMMY MORALES' MOTION TO DISMISS
AND INCORPORATED MEMORANDUM OF LAW**

Defendant, Jimmy Morales, by and through undersigned counsel, and pursuant to Federal Rule of Civil Procedure 12(b)(6), files this motion to dismiss Count 2 of the Amended Complaint (ECF No. 1-2) and states as follows:

**INTRODUCTION**

In Count 2, Plaintiffs seek the imposition of a $5,000 fine against individual defendant, Jimmy Morales, the City Manager of the City of Miami Beach, because City officers/employees allegedly violated section 790.33, Florida Statutes, when they conducted an investigatory stop of Plaintiffs. Section 790.33 is a preemption statute that purports to reserve the regulation of firearms and ammunition to the state, subject to several exceptions. Plaintiffs' claim must be dismissed because section 790.33 does not create a private right of action for the imposition of a fine against public officials.

**BACKGROUND**

On June 24, 2018, Miami Beach police officers temporarily detained the Individual Plaintiffs because they were openly displaying firearms on a popular, public pier. Amended

1

Complaint ("Compl.")¶¶ 13, 25. After a reasonable investigation to confirm the Individual Plaintiffs were not violating Florida law, *see id.* ¶¶ 71–73, 75, 80, the Individual Plaintiffs were released without incident; they were not taken to jail or charged with any criminal offense.

On March 27, 2019, the Individual Plaintiffs and Florida Carry (collectively, the "Plaintiffs") filed this lawsuit against the City, the City Manager (Jimmy Morales), Chief Oates, and twelve police officers ("Officers").[2]

However, the only claim raised against Morales is in Count 2, which states that Morales "is sued in his individual capacity, pursuant to Sec. 790.33, Fla. Stat." for the actions of the Defendant Officers in making the investigatory stop and brief detention of the Plaintiffs. Compl. ¶ 141. Plaintiffs seek the imposition of a $5,000 fine against Morales, pursuant to Fla. Stat. section 790.33, as a penalty for the alleged actions of the City's officers when they detained the Plaintiffs. Compl. at 27-28

Plaintiffs' claim against Morales cannot survive, however, because section 790.33 does not create a private right of action for the imposition of a fine against individual public officials.

## STANDARD OF REVIEW

Pursuant to Rule 8(a), a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

On a motion to dismiss, this Court is not required to accept as true Plaintiff's conclusions

---

[2] On May 28, 2019, Plaintiffs amended their complaint to include the names of two (previously) unknown officers. On June 5, 2019, the case was timely removed to this Court with the consent of all served defendants. ECF No. 1.

of law. *See Solis-Ramirez v. U.S. Dept. of Justice*, 758 F.2d 1426, 1429 (11th Cir. 1985); *Jewelry Repair Enterprises, Inc. v. Son Le Enterprises, Inc.*, 9:15-CV-81622-BB, 2016 WL 557057, at *2 (S.D. Fla. Feb. 12, 2016). Issues of statutory interpretation are questions of law that the Court adjudicate as a matter of law. *Solis-Ramirez*, 758 F.2d at 1429.

## ARGUMENT

**Plaintiffs Cannot Sue Morales In His Individual Capacity Under Section 790.33 Because Section 790.33 Does Not Create a Private Right of Action Against Individuals.**

In Count 2, the Complaint states that Morales "is sued in his individual capacity, pursuant to Sec. 790.33, Fla. Stat." Compl. ¶ 141. Section 790.33 is a preemption statute governing the regulation of firearms and ammunition in Florida, and sets forth various penalties for its violation. § 790.33(1), (3), Fla. Stat. No provision in section 790.33 authorizes, however, a private lawsuit against an individual government employee to enforce its penalties and that is fatal to Plaintiffs' claim against Morales.

In Florida, "[i]t is axiomatic that whether a private right of action exists for a violation of a statute is a matter of legislative intent." *United Auto. Ins. Co. v. A 1st Choice Healthcare Sys.*, 21 So. 3d 124, 128 (Fla. 3d DCA 2009). "Absent a specific expression of such intent, a private right of action may not be implied." *Id.*; *see also Alexander v. Sandoval*, 532 U.S. 275, 291 (2001) ("Language in a regulation may invoke a private right of action that Congress through statutory text created, but it may not create a right that Congress has not."); *Villazon v. Prudential Health Care Plan, Inc.*, 843 So. 2d 842, 852 (Fla. 2003) ("Absent such expression of intent, a private right of action is not implied.").

Here, the *only* private right of action that exists for a violation of section 790.33 is found in section 790.33(3)(f). That provision creates a private right of action by any "person or an

3

organization whose membership is adversely affected by any ordinance, regulation, measure, directive, rule, enactment, order, or policy promulgated or caused to be enforced in violation of [section 790.33]." § 790.33(3)(f), Fla. Stat. However, that action can be filed only "against any county, agency, municipality, district, or other entity." *Id.* Section 790.33(3)(f) does *not* authorize a suit against an "individual" or "person."

In *Florida Carry, Inc. v. University of Florida*, 180 So. 3d 137 (Fla. Dist. Ct. 2015) ["*UF*"], and *Florida Carry, Inc. v. Thrasher*, 248 So. 3d 253 (Fla. Dist. Ct. 2018), the First District Court of Appeal held, in decisions generally binding upon this Court,[4] that an individual—as contrasted with a government entity—may not be sued under section 790.33(3)(f). In *UF*, the court read section 790.33(3)(f) in *pari materia* with the remainder of the statute to find that the Legislature must have deliberately excluded individuals from the reach of the suit for damages against government entities:

> Had the Legislature wished to include the term "any person" as it did in subsection (3)(a), it could have done so. Yet, instead of using the same phrase "[a]ny person, county, agency, municipality, district, or other entity," it excluded "any person" and used "county, agency, municipality, district, or other entity" in subsection (3)(f). Courts are not at liberty to add words to statutes that were not placed there by the Legislature.

*UF*, 180 So. 3d at 150–51. In *Thrasher*, the court reaffirmed that holding and extended it to suits for declaratory and injunctive relief. *Thrasher*, 248 So. 3d at 260–61.

In this case, Plaintiffs seek the imposition of a fine against Morales under section

---

[4] "It is well settled that federal courts are bound by the interpretation of a state [law] by state courts." *Silverstein v. Gwinnett Hosp. Auth.*, 861 F.2d 1560, 1569 (11th Cir. 1988); *see also Cotton States Mut. Ins. Co. v. Anderson*, 749 F.2d 663, 667 (11th Cir. 1984) ("It is well-settled that '[s]tate courts have the right to construe their own statutes.'" (quoting *Bank of Heflin v. Miles*, 621 F.2d 108, 113 (5th Cir. 1980))).

790.33(3)(c).[5] That provision specifically authorizes a court to assess a civil fine if it determines that a violation of the preemption statute was knowing and willful. § 790.33(3)(c), Fla. Stat. However, unlike section 790.33(3)(f), section 790.33(3)(c) does not create a private right of action or otherwise express an intent to do so. *See Weston v. Scott*, No. 2018 CA 000699, at 3 (Fla. 2d Cir. Ct. Oct. 18, 2018) (explaining that "private litigants cannot enforce the penalties in subsections (3)(c), (3)(d) and (3)(e) against individual governmental officials," but various state officials can).[6] Indeed, if the Legislature intended for section 790.33(3)(c) to create a private right of action for the imposition of a fine, it would have said so, as it did in section 790.33(3)(f). Yet, it did not, and this Court should not infer that a private right of action under section 790.33(3)(c) exists. *See United Auto. Ins. Co.*, 21 So. 3d at 128. Thus, under clearly established Florida law, Morales may not be sued in his individual capacity for a violation of section 790.33, Florida Statutes.

## **CONCLUSION**

Accordingly, Morales respectfully requests this Court to dismiss him as a party to this lawsuit, and to dismiss Count 2 with prejudice. *See Patel v. Georgia Dept. BHDD*, 485 Fed. Appx. 982, 982 (11th Cir. 2012) ("Futility justifies the denial of leave to amend where the complaint, as amended, would still be subject to dismissal.").

---

[5] Plaintiff Florida Carry was a party in both *UF* and *Thrasher* and, thus, is certainly aware that Morales cannot be sued under section 790.33(3)(f).

[6] A copy of the state circuit court's decision was submitted with Chief Oates' Motion to Dismiss on similar grounds.

Respectfully submitted,

RAUL J. AGUILA, CITY ATTORNEY
CITY OF MIAMI BEACH
1700 CONVENTION CENTER DR.
LEGAL DEPT.-4TH FLOOR
MIAMI BEACH, FLORIDA 33139
TELEPHONE: (305) 673-7470
FACSIMILE: (305) 673-7002

By: */s/Robert F. Rosenwald, Jr.* \_\_\_\_\_
ROBERT F. ROSENWALD, JR.
First Assistant City Attorney
robertrosenwald@miamibeachfl.gov
Florida Bar No. 0190039
MARK A. FISHMAN
Senior Assistant City Attorney
markfishman@miamibeachfl.gov
Florida Bar No. 0567000