**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No.: 19-cv-22303-KMW

FLORIDA CARRY, INC., a
Florida not for profit corporation, *et al.,*

      Plaintiffs,

vs.

CITY OF MIAMI BEACH, *et al.,*

      Defendants.

_____/

**DEFENDANT CITY OF MIAMI BEACH'S**
**ANSWER AND AFFIRMATIVE DEFENSES**
**TO PLAINTIFFS' FIRST AMENDED COMPLAINT**

Defendant CITY OF MIAMI BEACH ("City"), by and through their undersigned counsel, hereby file their Answer and Affirmative Defenses to the First Amended Complaint filed by Plaintiffs, FLORIDA CARRY, INC., MICHAEL TAYLOR ("Taylor"), STEVEN JENKINS ("Jenkins"), SEAN DEVINE ("Devine"), CHRISTOPHER PHILPOT ("Philpot"), CARLOS GUTIERREZ ("Gutierrez"), and JONAH WEISS ("Weiss") (collectively "Plaintiffs"), and state as follows as to the paragraphs numbered in Plaintiffs' First Amended Complaint:

1. Admitted that Plaintiffs purport to have filed this action for damages in excess of $30,000.00 and for declaratory and injunctive relief but denied that Plaintiffs' claims have any merit or that Plaintiffs are entitled to any relief whatsoever in this action.

2. Admitted that venue is proper based on Plaintiffs' allegations; all other allegations and adverse inferences are denied.

## PARTIES

3.  Admitted.

4.  Admitted.

5.  Defendant City admits Dan Oates is Miami Beach Police Chief; but denies as to all other allegations in this paragraph.

6.  Defendant City is without knowledge or information sufficient to form a belief as to the allegations contained in this paragraph and therefore denies same.

7.  Denied.

8.  Defendant City is without knowledge or information sufficient to form a belief as to the allegations contained in this paragraph and therefore denies same.

9.  Defendant City admits that Plaintiffs purport to bring claims against each Defendant in his or her individual capacity in this action, but denies that Plaintiffs' claims have any merit or that Plaintiffs are entitled to any relief whatsoever in this action.

10. Denied.

11. Defendant City is without knowledge or information sufficient to form a belief as to the allegations contained in this paragraph and therefore denies same.

12. Admitted.

## FACTS IN COMMON

13. Defendant City admits the date of the incident but denies as to all other allegations in this paragraph.

14. Denied.

15. Defendant City admits that Plaintiff Philpot sent e-mails with unopenable attachments to the Chief and City Attorney. Other than the unopenable attachment, the e-mail contained

no other information.

16. Defendant City is without knowledge or information sufficient to form a belief as to the allegations contained in this paragraph and therefore denies same.

17. Denied as phrased.

18. Denied as phrased.

19. Denied as phrased.

20. Denied as phrased.

21. Denied as phrased.

22. Denied as phrased.

23. Denied as phrased.

24. Denied.

25. Denied as phrased.

26. Admitted.

27. Admitted.

28. Admitted.

29. Defendant City is without knowledge or information sufficient to form a belief as to the allegations contained in this paragraph and therefore denies same.

30. Defendant City admits that the Park Ranger left the scene but denies as to all other allegations in this paragraph.

31. Admitted that the stated Defendant Officers arrived and approached some of the Plaintiffs; all other allegations and adverse inferences are denied.

32. Denied.

33. Denied.

34. Denied.

35. Denied.

36. Denied.

37. Admitted.

38. Admitted that some officers pointed their firearms at one or more of the Plaintiffs.

39. Admitted.

40. Admitted that some of the Defendant Officers temporarily detained and handcuffed four of the Plaintiffs for officer and public safety while they conducted their investigation; all other allegations and adverse inferences are denied.

41. Admitted that some of the Defendant Officers temporarily detained and handcuffed four of the Plaintiffs for officer and public safety while they conducted their investigation; all other allegations and adverse inferences are denied.

42. Denied as phrased.

43. Denied.

44. Denied.

45. Admitted that Plaintiff Weiss arrived at the South Pointe Pier while the first four officers were temporarily detaining other individuals; all other allegations and adverse inferences are denied.

46. Denied.

47. Denied as phrased.

48. Denied as phrased.

49. Denied.

50. Defendant City is without knowledge or information sufficient to form a belief as to the

4

allegations contained in this paragraph and therefore denies same.

51. Admitted.

52. Admitted that the Plaintiffs were kept at the scene while officers conducted their investigation for approximately the time stated; all other allegations and adverse inferences are denied.

53. Admitted that officers of the Miami Beach Police Department temporarily held firearms belonging to some of the Plaintiffs while they conducted their investigation for officer and public safety; all other allegations and adverse inferences are denied.

54. Defendant City is without knowledge or information sufficient to form a belief as to the allegations contained in this paragraph and therefore denies same.

55. Defendant City is without knowledge or information sufficient to form a belief as to the allegations contained in this paragraph and therefore denies same.

56. Defendant City is without knowledge or information sufficient to form a belief as to the allegations contained in this paragraph and therefore denies same.

57. Defendant City is without knowledge or information sufficient to form a belief as to the allegations contained in this paragraph and therefore denies same.

58. Defendant City is without knowledge or information sufficient to form a belief as to the allegations contained in this paragraph and therefore denies same.

59. Defendant City is without knowledge or information sufficient to form a belief as to the allegations contained in this paragraph and therefore denies same.

60. Defendant City is without knowledge or information sufficient to form a belief as to the allegations contained in this paragraph and therefore denies same.

61. Defendant City is without knowledge or information sufficient to form a belief as to the

allegations contained in this paragraph and therefore denies same.

62. Admitted that officers of the Miami Beach Police Department temporarily held Plaintiff's knife while they conducted their investigation for officer and public safety; all other allegations and adverse inferences are denied.

63. Admitted that officers also temporarily held other property belonging to the Plaintiffs while they conducted their investigation for officer and public safety; all other allegations and adverse inferences are denied.

64. Admitted that some Plaintiffs were handcuffed for a portion of the period that the officers conducted their investigation for officer and public safety; without knowledge or information sufficient to form a belief as to the remainder of the allegations contained in this paragraph and therefore denies same.

65. Denied.

66. Denied.

67. Denied.

68. Denied as phrased.

69. Admitted.

70. Denied as phrased.

71. Admitted that one or more of the Defendant Officers searched one of Plaintiffs' coolers; otherwise denied.

72.  Admitted that one or more of the Defendant Officers verified Plaintiffs' fishing licenses; otherwise denied.

73. Admitted that one or more of the Defendant Officers verified the Concealed Weapons Firearms Licenses for those Plaintiffs in possession of such a license; otherwise denied.

74. Denied.

75. Admitted that one or more of the Defendant Officers ran the serial numbers of Plaintiffs' firearms; otherwise denied.

76. Denied.

77. Denied as phrased.

78. Denied as phrased.

79.  Admitted.

80. Admitted that after Defendant Officers had conducted sufficient investigation pursuant to their reasonable suspicion, Defendant Officers removed handcuffs from all handcuffed Plaintiffs; all other allegations and adverse inferences are denied.

81. Denied.

82. Denied.

83. Denied.

84. Denied.

85. Denied as phrased.

86. Denied as phrased.

87. Admitted that Plaintiffs' firearms were temporarily unloaded for officer and public safety; all other allegations and adverse inferences are denied.

88. Admitted that Plaintiffs' firearms were temporarily unloaded for officer and public safety; all other allegations and adverse inferences are denied.

89. Denied as phrased.

90. Denied as phrased.

91. Denied.

92. Denied.

93. Defendant City is without knowledge or information sufficient to form a belief as to the allegations contained in this paragraph and therefore denies same.

94. Denied.

95. Denied.

96. Denied.

97. Denied.

98. Denied.

99. Denied as phrased.

100. Denied.

101. Denied.

102. Denied.

103. Denied.

104. Defendant City is without knowledge or information sufficient to form a belief as to the allegations contained in this paragraph and therefore denies same.

105. Defendant City is without knowledge or information sufficient to form a belief as to the allegations contained in this paragraph and therefore denies same.

106. Defendant City is without knowledge or information sufficient to form a belief as to the allegations contained in this paragraph and therefore denies same.

107. Defendant City is without knowledge or information sufficient to form a belief as to the allegations contained in this paragraph and therefore denies same.

108. Defendant City is without knowledge or information sufficient to form a belief as to the allegations contained in this paragraph and therefore denies same.

109. Denied as phrased.

110. Denied as phrased.

111. Denied.

**COUNT I**
**Violation of Fla. Stat. § 790.33**
**Against Defendant, City of Miami Beach**

Defendant City hereby realleges and adopts its responses to paragraphs 1 through 111, as if fully set forth herein.

112. Admitted for purposes of this case only.

113. Denied.

114. Denied as phrased.

115. Denied as phrased.

116. Denied.

117. The text of the complaint speaks for itself.

118. Denied.

119. Denied.

120. Denied.

121. Denied.

122. Denied.

123. Denied as phrased.

124. Denied.

125. Admitted.

126. Denied.

127. Denied.

128. Denied

129. Denied.

130. Denied.

131. Denied.

132. Denied.

133. Denied.

134. Denied.

135. Denied.

136. Denied.

137. Denied.

138. Denied.

139. Denied.

140. Denied.

WHEREFORE clause is denied in its entirety.


**COUNT II**
**Violation of Fla. Stat. § 790.33**
**Against Defendant, Jimmy Morales**

141.   141 through 159 are not asserted against Defendant City; therefore, Defendant City is not required to provide responses. However, to the extent that said allegations may be construed against Defendant City, they are denied.

WHEREFORE clause is denied in its entirety.


**COUNT III**
**Violation of Fla. Stat. § 790.33**
**Against Defendant, Dan Oates**

160.   160 through 180 are not asserted against Defendants; therefore, Defendants are not

required to provide responses. However, to the extent that said allegations may be construed against Defendants, they are denied.

WHEREFORE clause is denied in its entirety.

## COUNT IV
### 42 U.S.C. § 1983 – Violation of Civil Rights of Devine, Weiss, Guiterrez, and Philpot
### Against Defendants, Officers M. Garcia, Bolduc, Villamil, Rivera, Hicks, and Mitchell

181. 181 through 206 are not asserted against Defendant City; therefore, Defendant City is not required to provide responses. However, to the extent that said allegations may be construed against Defendant, they are denied.

WHEREFORE clause is denied in its entirety.

## COUNT V
### 42 U.S.C. § 1983 – Violation of Taylor's Civil Rights Under Color of Law
### Against Defendant, Officer Villamil

207. 207 through 225 are not asserted against Defendant City; therefore, Defendant City is not required to provide responses. However, to the extent that said allegations may be construed against Defendant City, they are denied.

WHEREFORE clause is denied in its entirety.

## COUNT VI
### 42 U.S.C. § 1983 – Violation of Jenkins' Civil Rights Under Color of Law
### Against Defendant, Officer Rivera

226. 226 through 244 are not asserted against Defendant City; therefore, Defendant City is not required to provide responses. However, to the extent that said allegations may be construed against Defendant City, they are denied.

WHEREFORE clause is denied in its entirety.

**COUNT VII**
**42 U.S.C. § 1983 – Violation of Civil Rights Under Color of Law of All Plaintiffs**
**Against Defendants, Officers M. Garcia, Bolduc, Villamil, Rivera, Salabarria, Mitchell,**
**Bicelis, Hicks, El. Vidal, and E. Garcia**

245.     245 through 259 are not asserted against Defendant City; therefore, Defendant City is not

required to provide responses. However, to the extent that said allegations may be

construed against Defendant City, they are denied.

WHEREFORE clause is denied in its entirety.

**COUNT VIII**
**Violation of Civil Rights Under Color of Law**
**Against Defendant, City of Miami Beach**

Defendant City hereby realleges and adopts his responses to paragraphs 1 through 111, as

if fully set forth herein.

260. Admitted.

261. Denied as phrased. The City manager is the final policymaker for the City of Miami Beach.

262. Denied as phrased. The City Manager is the final policymaker for the City of Miami Beach.

263. Denied.

264. Denied.

265. Denied.

266. Denied.

267. Denied.

268. Denied.

269. Denied.

270. Denied.

271. Denied.

272. Denied.

273. Denied.

274. Denied.

275. Denied.

276. Denied.

277. Denied.

278. Denied.

279. Denied.

280. Denied.

281. Denied.

282. Denied.

283. Denied.

284. Denied.

285. Denied.

286. Denied.

WHEREFORE clause is denied in its entirety.

## COUNT IX
### 42 U.S.C. § 1985 – Conspiracy to Interfere With Civil Rights of Plaintiffs
### Against Defendants, City of Miami Beach, M. Garcia, Bolduc,
### Villamil, Rivera, Er. Vidal, Cano, Salabarria, Mitchell, Bicelis, Hicks,
### El. Vidal, & Lt. E. Garcia

287.    287 through 303 are not asserted against Defendant City; therefore, Defendant City is not required to provide responses. However, to the extent that said allegations may be construed against Defendant City, they are denied.

WHEREFORE clause is denied in its entirety.

## COUNT X
### State Tort – False Imprisonment of Taylor, Jenkins, Devine, Weiss, Guiterrez, and Philpot
### Against Defendant Officers

304. 304 through 308 are not asserted against Defendant City; therefore, Defendant City is not required to provide responses. However, to the extent that said allegations may be construed against Defendant City, they are denied.

WHEREFORE clause is denied in its entirety.

## COUNT XI
### State Tort - Assault
### Against Defendant Officers, M. Garcia, Villamil, and Rivera

309. 309 through 313 are not asserted against Defendant City; therefore, Defendant City is not required to provide responses. However, to the extent that said allegations may be construed against Defendant City, they are denied.

WHEREFORE clause is denied in its entirety.

## COUNT XII
### State Tort – Battery on Taylor, Jenkins, Devine, Weiss, Guiterrez, and Philpot
### Against Defendant Officers, M. Garcia, Villamil, Rivera, Hicks, Mitchell, and Bolduc

314. 314 through 326 are not asserted against Defendant City; therefore, Defendant City is not required to provide responses. However, to the extent that said allegations may be construed against Defendant City, they are denied.

WHEREFORE clause is denied in its entirety.

## COUNT XIII
### Respondeat Superior Liability for Assault, Battery, & False Imprisonment of Taylor, Jenkins, Devine, Weiss, Guiterrez, and Philpot
### Against Defendant, City of Miami Beach

Defendant City hereby realleges and adopts its responses to paragraphs 1 through 111, as if fully set forth herein.

327. Admitted.

14

328. Admitted.

329. Admitted.

330. Denied.

331. Denied.

332. Denied.

333. Denied.

334. Denied.

335. Denied.

336. Denied.

337. Denied.

WHEREFORE clause is denied in its entirety.

## EXPRESS DENIAL

Any and all of Plaintiffs' allegations not specifically admitted herein are expressly denied and strict proof is demanded thereof.

## AFFIRMATIVE DEFENSES

In further response to Plaintiffs' First Amended Complaint, Defendant City raises the following affirmative defenses:

**First Affirmative Defense:** The City and Defendant Officers complied with all relevant legal standards at the time and place of the incident and comported with all proper police training. The detention of Plaintiffs was based on probable cause and/or arguable probable cause and any searches and seizures of Plaintiffs' property was based on reasonable and articulable suspicion and any force used was not disproportionate to the amount of force legitimately authorized by law under the circumstances.

15

**Second Affirmative Defense:** To the extent Plaintiffs have received benefits from collateral sources or other setoffs or recoupment, Plaintiffs' claim should be dismissed or diminished accordingly.

**Third Affirmative Defense:** Neither the City nor Defendant Officers did not knowingly or willfully violate any of Plaintiffs' rights.

**Fourth Affirmative Defense:** To the extent any disability or injuries alleged by Plaintiffs are the result of intoxication, Plaintiffs' own behavior, pre-existing conditions, an intervening cause and/or subsequent injury or injuries, and were not caused or aggravated by any of the alleged acts of the City, recovery for such disability or injuries is barred.

**Fifth Affirmative Defense:** Defendant Officers did not commit a battery on Plaintiffs, and any contact with Plaintiffs was permissible and privileged in order to effectuate a lawful stop.

**Sixth Affirmative Defense:** Count I against the City is barred by the doctrine of governmental immunity.

**Seventh Affirmative Defense:** Count I against the City is barred because the City acted at all times in good faith and/or upon advice of counsel..

**Eighth Affirmative Defense:** Defendant City adopts and incorporates herein all Affirmative Defenses asserted by other defendants in their Answer and Affirmative Defenses to Plaintiffs' First Amended Complaint.

## RESERVATION OF RIGHTS

Defendant City reserve their right to amend and supplement these affirmative defenses, adding such affirmative defenses as may appear to be appropriate upon further discovery being conducted in this case.

**WHEREFORE**, Defendant CITY OF MIAMI BEACH denies the allegations made against it not specifically admitted, demand dismissal of Plaintiffs' claims against them, request entry of judgment in its favor, and request that it be awarded all costs and attorneys' fees incurred in the defense of this matter, as may be allowed by law.

Dated this 26th day of June, 2019.

Respectfully submitted,

RAUL J. AGUILA, CITY ATTORNEY
CITY OF MIAMI BEACH
1700 CONVENTION CENTER DR.
LEGAL DEPT.-4TH FLOOR
MIAMI BEACH, FLORIDA 33139
TELEPHONE: (305) 673-7470
FACSIMILE: (305) 673-7002

By: */s/Robert F. Rosenwald, Jr.*
ROBERT F. ROSENWALD, JR.
First Assistant City Attorney
robertrosenwald@miamibeachfl.gov
Florida Bar No. 0190039
MARK A. FISHMAN
Senior Assistant City Attorney
markfishman@miamibeachfl.gov
Florida Bar No. 0567000