## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

Case No.: 19-cv-22303-KMW

FLORIDA CARRY, INC., a
Florida not for profit corporation, *et al.,*

      Plaintiffs,

vs.

CITY OF MIAMI BEACH, *et al.,*

      Defendants.

_____/

### DEFENDANT OFFICERS' ANSWER AND AFFIRMATIVE DEFENSES
### TO PLAINTIFFS' FIRST AMENDED COMPLAINT

Defendant Officers, MICHAEL GARCIA ("Officer M. Garcia"), KENNETH BOLDUC ("Officer Bolduc"), GUSTAVO VILLAMIL ("Officer Villamil"), BRIAN RIVERA ("Officer Rivera"), EDUARDO GARCIA ("Lt. E. Garcia"), JESSICA SALABARRIA ("Officer Salabarria"), NAHAMI BICELIS ("Officer Bicelis"), ROBERT MITCHELL ("Officer Mitchell"), LAVANIEL HICKS ("Officer Hicks"), and ELIZABETH VIDAL ("Officer El. Vidal") (collectively, the "Defendant Officers"), by and through their undersigned counsel, hereby file their Answer and Affirmative Defenses to the First Amended Complaint filed by Plaintiffs, FLORIDA CARRY, INC., MICHAEL TAYLOR ("Taylor"), STEVEN JENKINS ("Jenkins"), SEAN DEVINE ("Devine"), CHRISTOPHER PHILPOT ("Philpot"), CARLOS GUTIERREZ ("Gutierrez"), and JONAH WEISS ("Weiss") (collectively "Plaintiffs"), and state as follows as to the paragraphs numbered in Plaintiffs' First Amended Complaint:

1

1. Admitted that Plaintiffs purport to have filed this action for damages in excess of $30,000.00 and for declaratory and injunctive relief but denied that Plaintiffs' claims have any merit or that Plaintiffs are entitled to any relief whatsoever in this action.

2. Admitted that venue is proper based on Plaintiffs' allegations; all other allegations and adverse inferences are denied.

## PARTIES

3. Admitted.

4. This paragraph does not relate to the claims against Defendant Officers; therefore, Defendant Officers are not required to provide a response. However, to the extent that said allegations may be construed against Defendant Officers, they are denied.

5. This paragraph does not relate to the claims against Defendant Officers; therefore, Defendant Officers are not required to provide a response. However, to the extent that said allegations may be construed against Defendant Officers, they are denied.

6. Defendant Officers are without knowledge or information sufficient to form a belief as to the allegations contained in this paragraph and therefore deny same.

7. Denied.

8. Defendant Officers are without knowledge or information sufficient to form a belief as to the allegations contained in this paragraph and therefore deny same.

9. Admitted that Plaintiffs purport to bring claims against each Defendant Officer in his or her individual capacity in this action, but denied that Plaintiffs' claims have any merit or that Plaintiffs are entitled to any relief whatsoever in this action.

10. Denied.

11. Defendant Officers are without knowledge or information sufficient to form a belief as to the

allegations contained in this paragraph and therefore deny same.

12. Admitted.

## **FACTS IN COMMON**

13. Defendant Officers are without knowledge or information sufficient to form a belief as to the allegations contained in this paragraph and therefore deny same.

14. Denied.

15. Defendant Officers are without knowledge or information sufficient to form a belief as to the allegations contained in this paragraph and therefore deny same.

16. Defendant Officers are without knowledge or information sufficient to form a belief as to the allegations contained in this paragraph and therefore deny same.

17. Denied as phrased.

18. Denied as phrased.

19. Denied as phrased.

20. Denied as phrased.

21. Denied as phrased.

22. Denied as phrased.

23. Denied as phrased.

24. Denied.

25. Denied as phrased.

26. Defendant Officers are without knowledge or information sufficient to form a belief as to the allegations contained in this paragraph and therefore deny same.

27. Defendant Officers are without knowledge or information sufficient to form a belief as to the allegations contained in this paragraph and therefore deny same.

28. Defendant Officers are without knowledge or information sufficient to form a belief as to the allegations contained in this paragraph and therefore deny same.

29. Defendant Officers are without knowledge or information sufficient to form a belief as to the allegations contained in this paragraph and therefore deny same.

30. Defendant Officers are without knowledge or information sufficient to form a belief as to the allegations contained in this paragraph and therefore deny same.

31. Admitted that the stated Defendant Officers arrived and approached some of the Plaintiffs; all other allegations and adverse inferences are denied.

32. Denied.

33. Denied.

34. Denied.

35. Denied.

36. Denied.

37. Admitted.

38. Admitted that some of the Defendant Officers pointed their firearms at one or more of the Plaintiffs; all other allegations and adverse inferences are denied.

39. Admitted.

40. Admitted that some of the Defendant Officers temporarily detained and handcuffed four of the Plaintiffs for officer and public safety while they conducted their investigation; all other allegations and adverse inferences are denied.

41. Admitted that some of the Defendant Officers searched Plaintiffs for weapons and held Plaintiffs' weapons for officer and public safety while they conducted their investigation; all other allegations and adverse inferences are denied.

42. Denied as phrased.

43. Denied.

44. Denied.

45. Admitted that Plaintiff Weiss arrived at the South Pointe Pier while the first four officers were temporarily detaining other individuals; all other allegations and adverse inferences are denied.

46. Denied as phrased.

47. Denied as phrased.

48. Denied as phrased.

49. Defendant Officers are without knowledge or information sufficient to form a belief as to the allegations contained in this paragraph and therefore deny same.

50. Defendant Officers are without knowledge or information sufficient to form a belief as to the allegations contained in this paragraph and therefore deny same.

51. Admitted.

52. Admitted that the Plaintiffs were kept at the scene while officers conducted their investigation for approximately the time stated; all other allegations and adverse inferences are denied.

53. Admitted that officers of the Miami Beach Police Department temporarily held firearms belonging to some of the Plaintiffs while they conducted their investigation for officer and public safety; all other allegations and adverse inferences are denied.

54. Defendant Officers are without knowledge or information sufficient to form a belief as to the allegations contained in this paragraph and therefore deny same.

55. Defendant Officers are without knowledge or information sufficient to form a belief as to the allegations contained in this paragraph and therefore deny same.

56. Defendant Officers are without knowledge or information sufficient to form a belief as to the

allegations contained in this paragraph and therefore deny same.

57. Defendant Officers are without knowledge or information sufficient to form a belief as to the allegations contained in this paragraph and therefore deny same.

58. Defendant Officers are without knowledge or information sufficient to form a belief as to the allegations contained in this paragraph and therefore deny same.

59. Defendant Officers are without knowledge or information sufficient to form a belief as to the allegations contained in this paragraph and therefore deny same.

60. Defendant Officers are without knowledge or information sufficient to form a belief as to the allegations contained in this paragraph and therefore deny same.

61. Defendant Officers are without knowledge or information sufficient to form a belief as to the allegations contained in this paragraph and therefore deny same.

62. Admitted that officers of the Miami Beach Police Department temporarily held Plaintiff's knife while they conducted their investigation for officer and public safety; all other allegations and adverse inferences are denied.

63. Admitted that officers also temporarily held other property belonging to the Plaintiffs while they conducted their investigation for officer and public safety; all other allegations and adverse inferences are denied.

64. Admitted that some Plaintiffs were handcuffed for a portion of the period that the officers conducted their investigation for officer and public safety; without knowledge or information sufficient to form a belief as to the remainder of the allegations contained in this paragraph and therefore deny same.

65. Denied as phrased.

66. Denied.

67. Denied.

68. Denied as phrased.

69. Denied as phrased.

70. Denied as phrased.

71. Admitted that one or more of the Defendant Officers searched Plaintiffs' coolers; otherwise denied.

72. Admitted that one or more of the Defendant Officers verified Plaintiffs' fishing licenses; otherwise denied.

73. Admitted that one or more of the Defendant Officers verified the Concealed Weapons Firearms Licenses for those Plaintiffs in possession of such a license; otherwise denied.

74. Denied.

75. Admitted that one or more of the Defendant Officers ran the serial numbers of Plaintiffs' firearms; otherwise denied.

76. Denied.

77. Denied as phrased.

78. Denied as phrased.

79. Admitted.

80. Admitted that after Defendant Officers had conducted sufficient investigation pursuant to their reasonable suspicion, Defendant Officers removed handcuffs from all handcuffed Plaintiffs; all other allegations and adverse inferences are denied.

81. Denied as phrased.

82. Denied.

83. Denied.

84. Denied.

85. Denied as phrased.

86. Denied as phrased.

87. Admitted that Plaintiffs' firearms were temporarily unloaded for officer and public safety; all other allegations and adverse inferences are denied.

88. Admitted that Plaintiffs' firearms were temporarily unloaded for officer and public safety; all other allegations and adverse inferences are denied.

89. Denied as phrased.

90. Denied as phrased.

91. Denied.

92. Denied.

93. Defendant Officers are without knowledge or information sufficient to form a belief as to the allegations contained in this paragraph and therefore deny same.

94. Denied.

95. Denied.

96. Denied.

97. Denied.

98. Denied.

99. Denied as phrased.

100.    Denied.

101.    Denied.

102.    Denied.

103.    Denied.

104.    Defendant Officers are without knowledge or information sufficient to form a belief as to the allegations contained in this paragraph and therefore deny same.

105.    Defendant Officers are without knowledge or information sufficient to form a belief as to the allegations contained in this paragraph and therefore deny same.

106.    Defendant Officers are without knowledge or information sufficient to form a belief as to the allegations contained in this paragraph and therefore deny same.

107.    Defendant Officers are without knowledge or information sufficient to form a belief as to the allegations contained in this paragraph and therefore deny same.

108.    Defendant Officers are without knowledge or information sufficient to form a belief as to the allegations contained in this paragraph and therefore deny same.

109.    Denied as phrased.

110.    Denied as phrased.

111.    Denied.

### COUNT I
### Violation of Fla. Stat. § 790.33
### Against Defendant, City of Miami Beach

112.    through 140 are not asserted against Defendant Officers; therefore, Defendant Officers are not required to provide responses. However, to the extent that said allegations may be construed against Defendant Officers, they are denied.

WHEREFORE clause is denied in its entirety.

### COUNT II
### Violation of Fla. Stat. § 790.33
### Against Defendant, Jimmy Morales

141. through 159 are not asserted against Defendant Officers; therefore, Defendant Officers are not required to provide responses. However, to the extent that said allegations may be

construed against Defendant Officers, they are denied.

WHEREFORE clause is denied in its entirety.

## COUNT III
### Violation of Fla. Stat. § 790.33
### Against Defendant, Dan Oates

160. through 180 are not asserted against Defendant Officers; therefore, Defendant Officers are not required to provide responses. However, to the extent that said allegations may be construed against Defendant Officers, they are denied.

WHEREFORE clause is denied in its entirety.

## COUNT IV
### 42 U.S.C. § 1983 – Violation of Civil Rights of Devine, Weiss, Guiterrez, and Philpot
### Against Defendants, Officers M. Garcia, Bolduc, Villamil, Rivera, Hicks, and Mitchell

Defendants, Officer M. Garcia, Officer Bolduc, Officer Villamil, Officer Rivera, Officer Hicks, and Officer Mitchell, hereby reallege and adopt their responses to paragraphs 1 through 111, as if fully set forth herein.

181.    Admitted that Plaintiffs, Devine, Weiss, Guiterrez, and Philpot purport to bring this Count pursuant to 42 U.S.C. § 1983, but denied that Plaintiffs' claims have any merit or that Plaintiffs are entitled to any relief whatsoever.

182.    Denied and demand strict proof thereof.

183.    Denied and demand strict proof thereof.

184.    Denied and demand strict proof thereof.

185.    Denied and demand strict proof thereof.

186.    Denied and demand strict proof thereof.

187.    Denied and demand strict proof thereof.

188.    Denied and demand strict proof thereof.

189.    Denied and demand strict proof thereof.

190.    Denied and demand strict proof thereof.

191.    Denied and demand strict proof thereof.

192.    Denied and demand strict proof thereof.

193.    Denied and demand strict proof thereof.

194.    Denied and demand strict proof thereof.

195.    Denied and demand strict proof thereof.

196.    Denied and demand strict proof thereof.

197.    Denied and demand strict proof thereof.

198.    Denied and demand strict proof thereof.

199.    Denied and demand strict proof thereof.

200.    Denied and demand strict proof thereof.

201.    Denied and demand strict proof thereof.

202.    Denied and demand strict proof thereof.

203.    Denied and demand strict proof thereof.

204.    Denied and demand strict proof thereof.

205.    Denied and demand strict proof thereof.

206.    Denied and demand strict proof thereof.

WHEREFORE clause is denied in its entirety.

## COUNT V
## 42 U.S.C. § 1983 – Violation of Taylor's Civil Rights Under Color of Law
### Against Defendant, Officer Villamil

Defendant, Officer Villamil, hereby realleges and adopts his responses to paragraphs 1 through 111, as if fully set forth herein.

207.    Admitted that Plaintiff, Taylor, purports to bring this Count pursuant to 42 U.S.C. § 1983, but denied that Plaintiff's claims have any merit or that Plaintiff is entitled to any relief whatsoever.

208.    Admitted that Taylor was temporarily detained to ensure the safety of officers and members of the public while an investigation was conducted; all other allegations and adverse inferences are denied and strict proof is demanded thereof.

209.    Denied and demand strict proof thereof.

210.    Admitted.

211.    Denied and demand strict proof thereof.

212.    Denied and demand strict proof thereof.

213.    Denied and demand strict proof thereof.

214.    Denied and demand strict proof thereof.

215.    Denied as phrased and demand strict proof thereof.

216.    Denied and demand strict proof thereof.

217.    Denied and demand strict proof thereof.

218.    Denied and demand strict proof thereof.

219.    Denied and demand strict proof thereof.

220.    Denied and demand strict proof thereof.

221.    Denied and demand strict proof thereof.

222.    Denied and demand strict proof thereof.

223.    Denied and demand strict proof thereof.

224.    Denied and demand strict proof thereof.

225.    Denied and demand strict proof thereof.

WHEREFORE clause is denied in its entirety.

**COUNT VI**
**42 U.S.C. § 1983 – Violation of Jenkins' Civil Rights Under Color of Law**
**Against Defendant, Officer Rivera**

Defendant, Officer Rivera, hereby realleges and adopts his responses to paragraphs 1 through 111, as if fully set forth herein.

226.   Admitted that Plaintiff, Jenkins, purports to bring this Count pursuant to 42 U.S.C. § 1983 but denied that Plaintiff's claims have any merit or that Plaintiff is entitled to any relief whatsoever.

227.   Admitted that Jenkins was temporarily detained to ensure the safety of officers and members of the public while an investigation was conducted; all other allegations and adverse inferences are denied and strict proof is demanded thereof.

228.   Denied and demand strict proof thereof.

229.   Admitted.

230.   Denied and demand strict proof thereof.

231.   Denied and demand strict proof thereof.

232.   Denied and demand strict proof thereof.

233.   Denied and demand strict proof thereof.

234.   Denied as phrased and demand strict proof thereof.

235.   Denied and demand strict proof thereof.

236.   Denied and demand strict proof thereof.

237.   Denied and demand strict proof thereof.

238.   Denied and demand strict proof thereof.

239.   Denied and demand strict proof thereof.

13

240.    Denied and demand strict proof thereof.

241.    Denied and demand strict proof thereof.

242.    Denied and demand strict proof thereof.

243.    Denied and demand strict proof thereof.

244.    Denied and demand strict proof thereof.

WHEREFORE clause is denied in its entirety.

## COUNT VII
### 42 U.S.C. § 1983 – Violation of Civil Rights Under Color of Law of All Plaintiffs
### Against Defendants, Officers M. Garcia, Bolduc, Villamil, Rivera, Salabarria, Mitchell, Bicelis, Hicks, El. Vidal, and Lt. E. Garcia

Defendant Officers, M. Garcia, Bolduc, Villamil, Rivera, Salabarria, Mitchell, Bicelis, Hicks, El. Vidal, and E. Garcia, hereby reallege and adopt their responses to paragraphs 1 through 111, as if fully set forth herein.

245.    Admitted that Plaintiffs purport to bring this Count pursuant to 42 U.S.C. § 1983 but denied that Plaintiffs' claims have any merit or that Plaintiffs are entitled to any relief whatsoever.

246.    Denied and demand strict proof thereof.

247.    Denied and demand strict proof thereof.

248.    Denied and demand strict proof thereof.

249.    Denied and demand strict proof thereof.

250.    Denied and demand strict proof thereof.

251.    Denied and demand strict proof thereof.

252.    Denied and demand strict proof thereof.

253.    Denied and demand strict proof thereof.

254.    Denied and demand strict proof thereof.

14

255.     Denied and demand strict proof thereof.

256.     Denied and demand strict proof thereof.

257.     Denied and demand strict proof thereof.

258.     Denied and demand strict proof thereof.

259.     Denied and demand strict proof thereof.

WHEREFORE clause is denied in its entirety.

**COUNT VIII**
**Violation of Civil Rights Under Color of Law**
**Against Defendant, City of Miami Beach**

260. through 286 are not asserted against Defendant Officers; therefore, Defendant Officers are not required to provide responses. However, to the extent that said allegations may be construed against Defendant Officers, they are denied.

WHEREFORE clause is denied in its entirety.

**COUNT IX**
**42 U.S.C. § 1985 – Conspiracy to Interfere With Civil Rights of Plaintiffs**
**Against Defendants, City of Miami Beach, and Officers M. Garcia, Bolduc, Villamil, Rivera, Er. Vidal, Cano, Salabarria, Mitchell, Bicelis, Hicks, El. Vidal, & Lt. E. Garcia**

Defendants, Officer M. Garcia, Officer Bolduc, Officer Villamil, Officer Rivera, Officer Salabarria, Officer Mitchell, Officer Bicelis, Officer Hicks, Officer El. Vidal, and Lt. E. Garcia, hereby reallege and adopt their responses to paragraphs 1 through 111, as if fully set forth herein.

287. Admitted that Plaintiffs purport to bring this Count pursuant to 42 U.S.C. § 1985, but denied that Plaintiffs' claims have any merit or that Plaintiffs are entitled to any relief whatsoever.

288. Denied and demand strict proof thereof.

289. Denied and demand strict proof thereof.

15

290. Denied and demand strict proof thereof.

291. Denied and demand strict proof thereof.

292. Denied and demand strict proof thereof.

293. Defendant Officers are without knowledge or information sufficient to form a belief as to the allegations contained in this paragraph and therefore deny same and demand strict proof thereof.

294. Defendant Officers are without knowledge or information sufficient to form a belief as to the allegations contained in this paragraph and therefore deny same and demand strict proof thereof.

295. Defendant Officers are without knowledge or information sufficient to form a belief as to the allegations contained in this paragraph and therefore deny same and demand strict proof thereof.

296. Defendant Officers are without knowledge or information sufficient to form a belief as to the allegations contained in this paragraph and therefore deny same and demand strict proof thereof.

297. Denied and demand strict proof thereof.

298. Denied and demand strict proof thereof.

299. Denied and demand strict proof thereof.

300. Denied and demand strict proof thereof.

301. This paragraph is not asserted against Defendant Officers; therefore, Defendant Officers are not required to provide a response. However, to the extent that said allegations may be construed against Defendant Officers, they are denied.

302. Denied and demand strict proof thereof.

303. Denied and demand strict proof thereof.

   WHEREFORE clause is denied in its entirety.

## COUNT X
**State Tort – False Imprisonment of Taylor, Jenkins, Devine, Weiss, Guiterrez, and Philpot**
**Against Defendant Officers**

   Defendant Officers hereby reallege and adopt their responses to paragraphs 1 through 111, as if fully set forth herein.

304. Denied as phrased and demand strict proof thereof.

305. Denied as phrased and demand strict proof thereof.

306. Denied and demand strict proof thereof.

307. Denied as phrased and demand strict proof thereof.

308. Denied and demand strict proof thereof.

   WHEREFORE clause is denied in its entirety.

## COUNT XI
**State Tort - Assault**
**Against Defendant Officers, M. Garcia, Villamil, and Rivera**

   Defendants, Officer M. Garcia, Officer Villamil, and Officer Rivera hereby reallege and adopt their responses to paragraphs 1 through 111, as if fully set forth herein.

309.   Denied as phrased and demand strict proof thereof.

310.   Denied and demand strict proof thereof.

311.   Denied as phrased and demand strict proof thereof.

312.   Denied as phrased and demand strict proof thereof.

313.   Denied and demand strict proof thereof.

   WHEREFORE clause is denied in its entirety.

## COUNT XII
**State Tort – Battery on Taylor, Jenkins, Devine, Weiss, Guiterrez, and Philpot**

**Against Defendant Officers, M. Garcia, Villamil, Rivera, Hicks, Mitchell, and Bolduc**

Defendants, Officer M. Garcia, Officer Villamil, Officer Rivera, Officer Hicks, Officer Mitchell, and Officer Bolduc hereby reallege and adopt their responses to paragraphs 1 through 111, as if fully set forth herein.

314.     Denied and demand strict proof thereof.

315.     Denied and demand strict proof thereof.

316.     Denied and demand strict proof thereof.

317.     Denied and demand strict proof thereof.

318.     Denied and demand strict proof thereof.

319.     Denied and demand strict proof thereof.

320.     Denied and demand strict proof thereof.

321.     Denied and demand strict proof thereof.

322.     Denied and demand strict proof thereof.

323.     Denied and demand strict proof thereof.

324.     Denied and demand strict proof thereof.

325.     Denied and demand strict proof thereof.

326.     Denied and demand strict proof thereof.

WHEREFORE clause is denied in its entirety.

**COUNT XIII**
**Respondeat Superior Liability for Assault, Battery, & False Imprisonment of Taylor,**
**Jenkins, Devine, Weiss, Guiterrez, and Philpot**
**Against Defendant, City of Miami Beach**

327. through 337 are not asserted against Defendant Officers; therefore, Defendant Officers are not required to provide responses. However, to the extent that said allegations may be construed against Defendant Officers, they are denied.

WHEREFORE clause is denied in its entirety.

## EXPRESS DENIAL

Any and all of Plaintiffs' allegations not specifically admitted herein are expressly denied and strict proof is demanded thereof.

## AFFIRMATIVE DEFENSES

In further response to Plaintiffs' First Amended Complaint, Defendant Officers raise the following affirmative defenses:

**First Affirmative Defense:** Defendant Officers are entitled to qualified immunity from suit in their individual capacities because they acted within the course and scope of their official authority and because their conduct did not violate the clearly established statutory or constitutional rights of which a reasonable person would have known. Thus, Defendant Officers assert that they are shielded from liability by the doctrine of qualified immunity on Plaintiffs' claims arising under federal law.

**Second Affirmative Defense:** Any and all actions taken by the Defendant Officers were undertaken in the course and scope of their employment, in good faith, without malicious purpose, and did not exhibit wanton or willful disregard of Plaintiffs' rights, safety, or property.

**Third Affirmative Defense:** Any and all actions of the Defendant Officers, under the circumstances, were objectively reasonable and consistent with how any reasonable officer would have acted under the circumstances in question, and consequently, any claims arising under 42 U.S.C. § 1983 fail as a matter of law.

**Fourth Affirmative Defense:** Any actions taken by the Defendant Officers did not amount to a deprivation of Plaintiffs' Constitutional rights.

**Fifth Affirmative Defense:** Defendant Officers complied with all relevant legal standards at the

time and place of the incident and comported with all proper police training. The detention of Plaintiffs was based on probable cause and/or arguable probable cause and any searches and seizures of Plaintiffs' property was based on reasonable and articulable suspicion and any force used was not disproportionate to the amount of force legitimately authorized by law under the circumstances.

**Sixth Affirmative Defense:** There is no causal link between any actions taken by the Defendant Officers and any constitutional deprivation and/or allegation of damages which Plaintiffs claim to have suffered.

**Seventh Affirmative Defense:** Any damages claimed by Plaintiffs were caused by the supervening provocation and intentional acts of Plaintiffs, thereby breaking the chain of causation as to any act or omission of the Defendant Officers, and barring or stopping any and all claims the Plaintiffs have against the Defendant Officers.

**Eighth Affirmative Defense** To the extent Plaintiffs have received benefits from collateral sources or other setoffs or recoupment, Plaintiffs' claim should be dismissed or diminished accordingly.

**Ninth Affirmative Defense** At all times material hereto, the Defendant Officers were acting under color of law and within their discretionary authority as law enforcement officers of the State of Florida employed by the City of Miami Beach and do assert their entitlement to qualified immunity.

**Tenth Affirmative Defense** To the extent that Plaintiffs' claims are limited to the Defendant Officers in their official capacity as Miami Beach Police Officers, the Defendant Officers are absolutely immune from punitive damages.

**Eleventh Affirmative Defense:** Pursuant to Fla. Stat. § 768.28(9)(a), Defendant Officers are

entitled to statutory immunity from suit against them in their individual capacities on Plaintiffs' claims arising under state law, as any and all actions taken by the Defendant Officers were undertaken in the course and scope of their employment, in good faith, without malicious purpose, and did not exhibit wanton or willful disregard of Plaintiffs' rights, safety, or property.

**Twelfth Affirmative Defense:** Any actions taken and/or force used by the Defendant Officers were in direct response to the reasonable suspicion and concern for the safety and welfare of the public and the officers and the actions taken and force used by the Officers was an appropriate response to such acts.

**Thirteenth Affirmative Defense:** Plaintiffs' brief detention, or *Terry* stop, was supported by reasonable and articulable suspicion and any force used by the Defendant Officers was *de minimis* and pursuant to a lawful stop. Accordingly, Plaintiffs' battery and excessive force claims fail as a matter of law.

**Fourteenth Affirmative Defense:** Even if the detention of Plaintiffs was based on a mistake of fact or law, such mistake can still support reasonable suspicion (or arguable reasonable suspicion) for a detention.

**Fifteenth Affirmative Defense:** Defendant Officers are entitled to recover their attorney's fees and costs in this matter pursuant to 42 U.S.C. § 1988, as Plaintiffs' claims are frivolous and without merit, and Plaintiffs' attorneys knew or should have known that the claims presented to the Court in Plaintiffs' First Amended Complaint was not supported by the material facts necessary to establish the claims, nor would the claims be supported by the application of then-existing law to those material facts.

**Sixteenth Affirmative Defense:** Defendant Officers did not knowingly or willfully violate any of Plaintiffs' rights.

21

**Seventeenth Affirmative Defense:** Defendant Officers assert that any actions taken were taken within the course and scope of their employment as law enforcement officers, and consequently they are not subject to suit for violations of state law pursuant to Florida Statute 768.28(9)(a) and the doctrine of sovereign immunity.

**Eighteenth Affirmative Defense:** At all times, Plaintiffs consented to, and did not object to any temporary seizures of their property, and Plaintiffs' consent was not based on their acquiescence to authority.

**Nineteenth Affirmative Defense:** At all times material hereto, the Defendant Officers acted with the utmost reasonable good faith belief that Plaintiffs may have committed or were about to commit a crime.

**Twentieth Affirmative Defense:** To the extent any disability or injuries alleged by Plaintiffs are the result of intoxication, Plaintiffs' own behavior, pre-existing conditions, an intervening cause and/or subsequent injury or injuries, and were not caused or aggravated by any of the alleged acts of Defendant Officers, recovery for such disability or injuries is barred.

**Twenty-First Affirmative Defense:** Defendant Officers did not commit a battery on Plaintiffs, and any contact with Plaintiffs was permissible and privileged in order to effectuate a lawful stop.

**Twenty-Second Affirmative Defense:** Defendant Officers are not liable in that they did not demonstrate deliberate indifference to the constitutional rights of Plaintiffs at any time.

**Twenty-Third Affirmative Defense:** Should a violation of Plaintiffs' rights be determined from the facts, Plaintiffs' damages are nominal.

**Twenty-Fourth Affirmative Defense:** Plaintiffs' damages, if any, were caused in whole or in part by the Plaintiffs' own actions and conduct. Therefore, Plaintiffs' claims should be dismissed, or alternatively, any damages awarded to Plaintiffs should be reduced accordingly.

22

**Twenty-Fifth Affirmative Defense:** Defendant Officers adopt and incorporate herein all Affirmative Defenses asserted by their co-Defendants in their Answers and Affirmative Defenses to Plaintiffs' First Amended Complaint.

## RESERVATION OF RIGHTS

Defendant Officers reserve their right to amend and supplement these affirmative defenses, adding such affirmative defenses as may appear to be appropriate upon further discovery being conducted in this case.

**WHEREFORE**, Defendant Officers, MICHAEL GARCIA, KENNETH BOLDUC, GUSTAVO VILLAMIL, BRIAN RIVERA, EDUARDO GARCIA, JESSICA SALABARRIA, NAHAMI BICELIS, ROBERT MITCHELL, LAVANIEL HICKS, and ELIZABETH VIDAL (collectively "Defendant Officers"), deny the allegations made against them not specifically admitted, demand dismissal of Plaintiffs' claims against them, request entry of judgment in their favor, and request that they be awarded all costs and attorneys' fees incurred in the defense of this matter, as may be allowed by law.

Dated this 26th day of June, 2019.

Respectfully submitted,

s/Robert L. Switkes
Robert L. Switkes, Esq.
Florida Bar No.: 241059
rswitkes@switkeslaw.com
s/Bradley F. Zappala
Bradley F. Zappala, Esq.
Florida Bar No.: 111829
bzappala@switkeslaw.com
**SWITKES & ZAPPALA, P.A.**
407 Lincoln Road, Penthouse SE
Miami, Beach, Florida 33139
Telephone: (305) 534-4757
Facsimile: (305) 538-5504
*Counsel for Defendant Officers*

## <u>CERTIFICATE OF SERVICE</u>

**I HEREBY CERTIFY** that on this <u>26th</u> day of June, 2019, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Noticed of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

<u>s/Robert L. Switkes</u>
Robert L. Switkes, Esq.

24

<u>**SERVICE LIST**</u>
*Florida Carry, Inc., et al v. City of Miami Beach, et al.*
**United States District Court, Southern District of Florida**
**Case No.: 19-cv-22303-KMW**

**Eric Friday, Esq.**
Kingry & Friday
1919 Atlantic Blvd.
Jacksonville, Florida 32207
Phone: 904-722-3333
Fax: 954-900-1208
E-Mail: efriday@ericfriday.com
*Attorney for Plaintiffs*

**Noel H. Flasterstein, Esq.**
Law Offices of Noel H. Flasterstein
1700 S. Dixie Hwy, Suite 501
Boca Raton, Florida 33432
Phone: 813-919-7400
*Attorney for Plaintiffs*

**Mark Fishman, Esq.**
1700 Convention Center Drive
4th Floor, Legal Department
Miami Beach, Florida 33139
Phone: 305-673-7470
*Attorney for Defendant, City of Miami Beach*

**Robert F. Rosenwald, Esq.**
1700 Convention Center Drive
4th Floor, Legal Department
Miami Beach, Florida 33139
Phone: 305-673-7470
Fax: 305-673-7002
E-Mail: RobertRosenwald@miamibeachfl.gov
*Attorney for Defendant, City of Miami Beach*

**Adam Hapner, Esq.**
Weiss Serota Helfman Cole & Bierman, P.L.
200 East Broward Blvd., Suite 1900,
Fort Lauderdale, FL 33301
Phone: 954-763-4242
E-Mail: jcole@wsh-law.com; msarraff@wsh-law.com
*Attorney for Defendant, Dan Oates*