**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**Case No. 19-22303-CIV-KMW**

FLORIDA CARRY, INC., *et. al.*

      Plaintiffs,

vs.

CITY OF MIAMI BEACH, *et. al.*,

      Defendants.

_____/

## <u>SCHEDULING ORDER</u>

**THIS MATTER** is set for trial during the Court's two-week trial calendar beginning on **November 9, 2020** before the Honorable Kathleen M. Williams at 400 North Miami Avenue, Courtroom 11-3, Miami, Florida.  Calendar call will be held at **11:00 a.m**. on **November 3, 2020.**  A request for a pre-trial conference must be filed at least 30 days prior to the calendar call.  Additionally, counsel are advised that all filings must comply fully with the Federal Rules of Civil Procedure, the Local Rules for the Southern District of Florida, and this Court's Practices and Procedures, which can be found at: http://www.flsd.uscourts.gov/?page_id=13071.

    I.    <u>Schedule.</u>  The Parties shall adhere to the following schedule:.

| | |
|---|---|
| May 12, 2020 | The Defendant shall disclose experts, expert witness summaries and reports. |
| June 12, 2020 | The Parties shall exchange rebuttal expert witness summaries and reports. |

July 14, 2020          The Parties shall complete all discovery, including
                       expert discovery.

May 15, 2020           The Parties shall complete mediation and file a
                       mediation report with the Court.

August 4, 2020         The Parties shall file all dispositive pre-trial motions
                       and memoranda of law.  The Parties shall also file any
                       motions to strike or exclude expert testimony, whether
                       based on Federal Rule of Evidence 702 and *Daubert*
                       *v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579
                       (1993), or any another basis.

September 9, 2020      The Parties shall each file one motion *in limine* in
                       accordance with Section IV below.  All motions *in limine*
                       must be filed at least six weeks before calendar call.

October 2, 2020        The Parties shall file a joint pre-trial stipulation, exhibit
                       lists, and witness lists in accordance with Local Rule
                       16.1(d) and (e) and Section V below.  The Parties shall
                       also file proposed jury instructions or conclusions of

law (for non-jury trials) in accordance with Section VI below.

October 2, 2020      The Parties shall file their deposition designations in accordance with Section VII below.

II.    <u>Motions.</u>  Strict compliance with the Local Rules is expected with regard to motion practice.  *See* Local Rule 7.1.  For example, when filing non-dispositive motions, the moving Party **SHALL** submit a proposed order in Word format via email to chambers at Williams@flsd.uscourts.gov.   Local Rule 7.1(a)(2).  Counsel for the moving party **MUST** also confer, or make a reasonable effort to confer, before filing certain motions, as required by Local Rule 7.1(a)(3).

All motions and attachments to motions are required to be filed in a text searchable format pursuant to CM/ECF Administrative Procedure 3G(5).

Strict compliance with the Local Rules is also expected with regard to motions for summary judgment.   *See* Local Rule 56.1.  For example, the moving Party must contemporaneously file a statement of undisputed material facts, delineating by number each material fact, **supported with specific citations to the record** (Docket Entry, Exhibit, Page Number(s)).   The opposing Party must file contemporaneously with its opposition a response to the statement of material facts, which shall respond by corresponding number to each of the moving Party's statement of material facts.  Local Rule 56.1(a).  The opposing Party shall state, based on citations to the record, whether each fact is disputed or undisputed.  If the fact is disputed, the opposing Party shall

state why the dispute is a material one.  "All material facts set forth in the movant's statement . . . will be deemed admitted unless controverted by the opposing party's statement, provided that the Court finds that the movant's statement is supported by evidence in the record."  Local Rule 56.1(b).  These procedures shall also apply to the moving Party when responding to any additional facts set forth in the opposing Party's statement of material facts.

The Parties may stipulate to extend the time to answer interrogatories, produce documents and answer requests for admission.  The Parties shall not file with the Court notices or motions memorializing any such stipulation unless the stipulation interferes with the time set for completing discovery, for hearing a motion, or for trial.  Such stipulations may be made only with the Court's approval.  *See* Fed. R. Civ. P. 29.  In addition to the documents enumerated in Local Rule 26.1(b), the Parties shall not file notices of deposition with the Court.

Any Party seeking to make a filing under seal shall comply with Local Rule 5.4.  The Parties cannot override the requirements of that Rule through a joint protective order.

Any party seeking to change any of the above deadlines must file a Motion to Continue or Motion for Extension of Time.  **Notices of unavailability will not be construed as motions to continue or otherwise operate to change the Court's schedule in any way.**

III.    Motions *in Limine*.  The Parties may each submit only **one (1)** motion *in limine* that identifies up to **ten (10)** evidentiary issues they seek to raise to the Court.  The motion may not exceed **twenty (20)** pages in length.  Each evidentiary

issue must be numbered, and must specifically identify the evidence sought to be excluded or included at trial, with citations to legal authority supporting the evidentiary ruling requested.  The opposing party's responses in opposition to the motions *in limine* shall correspond with the order and with the numbering scheme used by the movant.  Any reply from the movant must also correspond with the order and numbering used in the movant's initial motion.

Prior to filing a motion *in limine*, the Parties **MUST** meet and confer regarding each evidentiary issue they intend to raise, and certify that they met and conferred in accordance with Local Rule 7.1(a)(3).  The Parties may only present those evidentiary issues that remain contested in their respective motions *in limine*.

IV.  <u>Pre-Trial Stipulation, Exhibit Lists, and Witness Lists</u>.  The Parties' joint pre-trial stipulation, exhibit lists, and witness lists must be submitted in accordance with Local Rule 16.1(d) and (e).  The Parties must submit their witness lists in the format provided in Attachment A, and their exhibit lists in the format provided in Attachment B.  The witness lists shall include only those witnesses the Parties actually intend to call at trial.  In the description for each witness, the Party shall include a brief synopsis of the witness's testimony, the exhibits that the Party intends to introduce through the witness, and, in consultation with opposing counsel, the estimated time needed for direct and cross examination. The exhibit lists shall identify each witness that will introduce each exhibit.

V.   <u>Jury Instructions or Conclusions of Law (for Non-Jury Trials)</u>.  Joint proposed jury instructions or conclusions of law (for non-jury trials) shall outline: 1) the

legal elements of Plaintiff's claims, including damages; and 2) the legal elements of the defenses that are raised.  The Parties shall submit proposed jury instructions jointly, though they need not agree on each and every instruction.  If the Parties do not agree on a proposed instruction, the language proposed by plaintiff shall be underlined and the language proposed by defendant shall be italicized.  Every instruction must be supported by a citation of authority.  The Parties shall use the Eleventh Circuit Pattern Jury Instruction for Civil Cases, including the directions to counsel.  If a deviation from the Pattern is requested, the parties shall specifically provide a citation of authority supporting the deviation.  The Parties shall submit their proposed instructions via email in Word format to chambers at Williams@flsd.uscourts.gov.

VI.   <u>Deposition Designations.</u>   For each unavailable witness, the Parties shall confer and submit a joint deposition designation.   The party offering the testimony shall select a color and highlight the pages and lines which they wish to introduce.  The non-introducing party shall then underline in red the portions of the designated testimony objected to and in the margins indicate the basis for the objection (*i.e.*, irrelevant, hearsay, etc.).  The non-introducing party shall also select a color and submit to the Court those additional pages and lines that they deem counter designated.   In turn, the introducing party shall underline in red the portions of the counter-designated testimony objected to and indicate in the margins the basis for their objection.

VII.    <u>Settlement.</u>  If the case settles in whole or in part, counsel must inform the

Court immediately by emailing chambers at Williams@flsd.uscourts.gov and

promptly thereafter filing a joint stipulation of dismissal.

   **DONE AND ORDERED** in chambers in Miami, Florida, this <u>18th</u> day of March,

2020.


KATHLEEN M. WILLIAMS
UNITED STATES DISTRICT JUDGE

**ATTACHMENT A**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**Case No. XX-XXXXX-CIV-WILLIAMS**

PARTY NAME,

       Plaintiff(s),

vs.

PARTY NAME,

       Defendant(s).
_____/

**[PARTY'S] WITNESS LIST**

| PRESIDING JUDGE: Hon. Kathleen M. Williams | | | | | | PLAINTIFF'S ATTORNEY | DEFENDANT'S ATTORNEY | |
|---|---|---|---|---|---|---|---|---|
| TRIAL DATE(S): | | | | | | COURT REPORTER | COURTROOM DEPUTY | |
| PLF. NO. | DEF. NO. | LIVE or BY DEPOSITION | DIRECT (est.) | CROSS (est.) | ADDRESS | DESCRIPTION OF WITNESS | | EXHIBIT(S) |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |

**ATTACHMENT B**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**Case No. XX-XXXXX-CIV-WILLIAMS**

PARTY NAME,

       Plaintiff(s),

vs.

PARTY NAME,

       Defendant(s).
_____/

**[PARTY'S] EXHIBIT LIST**

| PRESIDING JUDGE:<br>Hon. Kathleen M. Williams | | | | | | PLAINTIFF'S ATTORNEY | DEFENDANT'S ATTORNEY |
|---|---|---|---|---|---|---|---|
| TRIAL DATE(S): | | | | | | COURT REPORTER | COURTROOM DEPUTY |
| PLF. NO. | DEF. NO. | DATE OFFERED | OBJECTIONS | MARKED | ADMITTED | DESCRIPTION OF EXHIBITS | WITNESS |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |