## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

FLORIDA CARRY, INC., a
Florida not for profit corporation, et al.,

                                CASE NO. 19-cv-22303-KMW

       Plaintiffs,

vs.

CITY OF MIAMI BEACH, et al.,

       Defendants.

_____ /

## DECLARATION OF PAUL ACOSTA

PAUL ACOSTA, pursuant to 28 U.S.C. § 1746, declares the following:

My name is Paul Acosta, and I am an Assistant Chief of Police, employed by the Miami Beach Police Department. My statements made herein are the result of my own personal knowledge, my own observations, my own investigation, and/or representations to me by senior City of Miami Beach ("City") staff.

### City Signs Comply with Florida Law

1. The City of Miami Beach does not now, and has not had since at least 2014, any officially authorized ordinance, administrative regulation, or rule that prohibits carrying a firearm on the Southpointe Park Pier, on the City's beaches, or in the City's parks.

2. It has come to my attention that on June 24, 2018, a sign was present at the Southpointe Park Pier that prohibited firearms and fireworks on the Pier.

3. This sign, and any like it at the time, did not accurately represent authorized City policy. I reference two e-mails from then-Deputy City Attorney Eve Boutsis and then-Senior

1

Assistant City Attorney Aleksandr Boksner, both dated 2014,  who advised the Parks Department that signs prohibiting firearms did not comply with Fla. Stat. 790.33. They ordered that signs either not address firearms at all or that the signs be edited to state "No Firearms except as authorized pursuant to Section 790.33, Florida Statutes." *See* Exhibit A and Exhibit B.

4. I have spoken to Parks Department Director John Rebar. Mr. Rebar investigated how a sign or signs came to state that firearms were outright prohibited on June 24, 2018, when the City Attorneys' Office had directed that those signs be removed as early as 2014. He was unable to determine how the inaccurate signs had been put up, but he was able to confirm that the inaccurate signs had all been removed from City parks around 2014. He speculates that when signs were replaced, the sign shop may have unwittingly used the older incorrect template instead of the newer accurate template.

5. The sign at Southpointe Pier today accurately states, "No firearms, except as authorized by Florida law." *See* Exhibit C.

6. The nearby beach signs currently do not prohibit or mention firearms at all. *See* Exhibit D.

7. Parks Director Rebar has advised me that, in an abundance of caution, all reference to firearms will now be removed from all Park Department signage, including the Southpointe Pier signage as soon as possible to avoid any conflict. The firearms provision will be covered with blue tape immediately to obscure it until new signs that do not mention firearms at all can be erected. Mr. Rebar has represented on behalf of the City that signs restricting firearms will not be authorized in any City Park, including Southpointe Pier, in the future.

8. City Beach Maintenance Director John Ripple has advised me that he has personally confirmed that no signage on any City beach currently restricts firearms or mentions them in any way. Mr. Ripple has represented on behalf of the City that signs restricting firearms will not be authorized on any City beach in the future.

The City's Search, Seizure, and Use of Force Policies Comport with Florida Law and the Constitution.

9. Plaintiffs have alleged in their Amended Complaint that "Miami Beach has a policy, whether written or unwritten, of detaining lawfully armed subjects." See e.g AC 119. This is inaccurate. The City's policies regarding search, seizure, and use of force are set forth in Standard Operating Procedures ("SOP") 16 and 17 (attached as Exhibits E and F), which have been audited and approved by the Commission on Accreditation for Law Enforcement Agencies ("CALEA") for completeness and lawfulness.

All of the information in this declaration is personally known to me as a result of my investigation, discussion with City senior staff and/or learned by review of MBPD documents and reports. Under penalty of perjury, I hereby attest to the veracity and accuracy of the facts as stated herein.

Executed on January 31, 2021.

/s/ Paul Acosta
Assistant Chief Paul Acosta