UNITED STATES DISTRICT COURT
COURTHERN DISTRICT OF FLORIDA

CASE NO.: 19-cv-22303-KMW

FLORIDA CARRY, INC., a
Florida not for profit corporation, et. al.
     Plaintiffs,

v.

CITY OF MIAMI BEACH, et. al.

     Defendants
_____/

## PLAINTIFFS' MOTION FOR AMENDED CASE MANAGEMENT PLAN, EXTENSION OF ALL DEADLINES, AND RELIEF FROM DEEMED ADMISSIONS

While this motion is brought on behalf of Plaintiffs, this motion is the motion of counsel for Plaintiffs to prevent undue prejudice to Plaintiffs for the actions, or lack thereof of their counsel.

1.     Counsel took on more cases than was reasonable and has been making every effort to reduce his case load in order to better serve clients.

2.     Counsel's partner was suspended for two and a half months in 2020, due to actions unrelated to counsel.  In an effort to assist his partner, Counsel took on her cases during the pendency of her suspension.  Counsel believed this was possible due to the COVID-19 shut down and continuation of previously planned depositions of the Defendant Officers.

1

3.      In addition, Counsel for Plaintiffs has ongoing medical issues. Counsel is under the care of multiple doctors for the condition.

4.      At the last status conference on this case, all counsel were directed to come up with a workable plan to move the case forward despite the limitations of in person depositions.[1]

5.      Counsel requested deposition dates for the officers to be taken in person.  Dates in late November were provided for only four of the officers.

6.      In late November, counsel traveled to Miami Beach to take those depositions.

7.      The first two officers' depositions were taken on Friday, November 20, 2020.  The next two depositions were to occur on Tuesday, November 24.[2]

8.      After the first day of depositions, it was determined by consultation between the parties, that the remaining officers' depositions would be taken by video.

9.      As part of the resolution of the in-person deposition issue, counsel was assured that he would be allowed to continue depositions beyond the cutoff deadline.

---

[1] Counsel is well aware that the court indicated there would be no further continuances or extension of deadlines.
[2] Despite requests for depositions on consecutive days to limit travel time, Defendants were unable to provide consecutive days of scheduling for the depositions.

10.     A third officer's deposition was taken as scheduled the following Tuesday. The fourth officer's deposition was cut short due to technical difficulties with the officer's Zoom equipment.

11.     Counsel requested dates for the continuation of the continued deposition and the remaining officers, but the first date provided was March 10, 2021, and this date was only provided on February 1, 2021.

12.     Counsel has been trying to make time available on these dates consistent with other obligations to other clients.

13.     During the week of February 7, and since the filing of Defendants motion, counsel was quarantined to his home with no access to files in this case.

14.     In addition to the foregoing, counsel had a death in the family on Saturday, February 20, 2021.

15.     Counsel is simply unable to comply with the Court's order to respond to the motions for summary judgment by Monday February 22, 2021 under the circumstances.

16.     Even if counsel could make the time available to respond or was given more time to respond to the summary judgement and uncontroverted facts, the inability of Defendants to make the officers available for timely depositions would make any response impossible.

17.     Upon information and belief all officers are still employed by the Defendant City, who apparently did not make them available for depositions, possibly with good reason, impairing Plaintiffs' discovery in this case.

18.     While counsel now realizes he should have filed a motion to compel these depositions sooner, he was relying in good faith, based on his experience that all Defendants and counsel were making every effort to obtain suitable dates, and attempted to work with opposing counsel for discovery.

19.     Counsel understands that he had a professional obligation to his clients, opposing counsel, and the Court, to respond timely or request an extension of time.

20.     Counsel respectfully requests that the Court not punish or prejudice his clients because of his failures, no matter the reason for those failures.

21.     Finally, counsel asks the Court to consider the discovery delays caused by Defendant in granting the relief requested.[3]

22.     The preceding year has been trying for all.  Criminal defendants have languished in jail without speedy trial.  The undersigned has a mentally ill juvenile client in criminal detention custody due to lack of space and funding.  Counsel

---

[3] By this statement counsel does not intend to suggest that opposing counsel has maliciously or intentionally delayed the depositions in this case, but have been under restrictions due to obligations to manage governmental response to COVID-19.  Because counsel understands this, he has granted all requests for extensions of any type requested by Defendants throughout this case.

respectfully requests the Court reconsider its prior order regarding further

extensions.

23.    Counsel has provided a copy of this motion to counsel for Defendants

and is authorized to represent that Defendants OBJECT to the granting of this

motion.  However, counsel for Defendant officers did represent that they would not

object to a brief extension of the summary judgment response deadline but have

not clarified if such agreement to an extension, would include time necessary to

complete the depositions of the officers.

WHEREFORE, counsel requests the Court:

A.  Enter an Amended case management plan and allow the scheduled

discovery to proceed.

B.  Grant Plaintiffs relief from deemed admissions.

C.  Allow Plaintiffs to respond to Defendants motion for summary judgment

after they have completed discovery in accordance with an amended case

management plan.

D.  Grant all other relief deemed just and equitable by this Court.

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the foregoing was served this 22nd day of February 2021, via eService to the attached Service List:

/s/ Eric J. Friday
Eric J. Friday, Esquire
Florida Bar No.: 0797901
1919 Atlantic Blvd.
Jacksonville, Florida 32207
Telephone: (904) 722-3333
Service@ericfriday.com
efriday@ericfriday.com

6

**SERVICE LIST**

*FL Carry, Inc., et al. v. City of Miami Beach, et al.*
CASE NO.: 19-cv-22303-KMW


Robert F. Rosenwald, Jr.
robrosenwald@miamibeachfl.gov
Mark Fishman
markfishman@miamibeachfl.gov
City of Miami Beach
1700 Convention Center Drive
4th Floor-Legal Department
Miami, Florida 33139


Matthew Mandel
mmandel@wsh-law.com
lbrewley@wsh-law.com
Edward Guedes
eguedes@wsh-law.com
szavala@wsh-law.com
Jamie Cole
jcole@wsh-law.com
msarraff@wsh-law.com
Adam Hapner, Esq.
jcole@wsh-law.com
msarraff@wsh-law.com
200 E Broward Blvd.
STE 1900
Fort Lauderdale, FL 33301


Robert L. Switkes
Rswitkes@switkeslaw.com
paralegal@switkeslaw.com
bzappala@switkeslaw.com
407 Lincoln Rd.
Penthouse SE
Miami Beach, Florida 33139