UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No.: 19-cv-22303-KMW

FLORIDA CARRY, INC., a
Florida not for profit corporation, *et al.,*

    Plaintiffs,

vs.

CITY OF MIAMI BEACH, *et al.,*

    Defendants.

_____/

**DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION FOR AMENDED CASE
MANAGEMENT PLAN, EXTENSION OF ALL DEADLINES,
<u>AND RELIEF FROM DENIED ADMISSIONS</u>**

Defendants, CITY OF MIAMI BEACH, MICHAEL GARCIA ("Officer M. Garcia"), KENNETH BOLDUC ("Officer Bolduc"), GUSTAVO VILLAMIL ("Officer Villamil"), BRIAN RIVERA ("Officer Rivera"), EDUARDO GARCIA ("Officer E. Garcia"), JESSICA SALABARRIA ("Officer Salabarria"), NAHAMI BICELIS ("Officer Bicelis"), ROBERT MITCHELL ("Officer Mitchell"), LAVANIEL HICKS ("Officer Hicks"), and ELIZABETH VIDAL ("Officer El. Vidal") (collectively, the "Defendants"), by and through their undersigned counsel, hereby file their Response to Plaintiffs' Motion for Amended Case Management Plan, Extension of All Deadlines, and Relief from Denied Admissions, [D.E. 63], and state as follows:

1. Pursuant to this Court's Amended Scheduling Order dated August 13, 2020, [D.E. 49], the Parties' deadline to complete all discovery in this matter was December 14, 2020.

2. Following entry of the Court's Amended Scheduling Order, the Parties worked towards completing discovery in compliance with the Court's amended deadlines, and Defendants' attorneys cooperated in good faith efforts to attempt to resolve issues posed by Plaintiffs'

insistence on taking in-person depositions of six of the Defendant Officers despite the ongoing COVID-19 pandemic.

3. Plaintiffs were initially stopped and detained by only four of the Defendant Officers during the incident giving rise to this lawsuit. Three of those officers were deposed by Plaintiffs in November 2020. The fourth sat for deposition in November 2020, but the deposition was ended early with an agreement to resume at a later date due to technical difficulties. The remaining Defendant Officers were merely on scene after the initial stop in order to assist the original four and maintain security while the investigation proceeded.

4. In October 2020, the Parties cooperated to schedule in-person depositions of four of the six Defendant Officers whom Plaintiffs' counsel communicated Plaintiffs sought to depose in-person. Two of the depositions were noticed to take place at the City Attorney's Office in Miami Beach on November 20, 2020, and two were noticed to take place at the same location on November 24, 2020.

5. The depositions of the first two Defendant Officers were taken at the City Attorney's Office as noticed on November 20, 2020.

6. After this first day of depositions, counsel for the Parties consulted and agreed that the remaining Defendant Officers' depositions would be taken by video, after the individuals present concurred that they were not comfortable with the arrangement of having so many persons present in a confined space for an extended period during the COVID-19 pandemic.

7. Accordingly, the third Defendant Officer's deposition was taken via Zoom on November 24, 2020. However, the fourth Defendant Officer's deposition on the same date was cut short by Plaintiff's counsel with an agreement to resume at a later date due to technical difficulties with the Zoom video/audio feed.

8. In good faith, given the short time window that remained before the cutoff at that time, counsel for the Defendant Officers agreed that they would not object to Plaintiffs' counsel taking depositions of the remaining Defendant Officers after the discovery deadline if necessary.

9. It was assumed at that time that Plaintiffs' counsel was referring to the Defendant Officer whose deposition was cut short due to technical difficulties and two additional Defendant Officers who Plaintiffs had originally insisted upon deposing in person – not all the Defendant Officers, who Plaintiffs could have deposed via Zoom at any point during the litigation. Moreover, there was no discussion regarding summary judgment during the conferral between counsel on this issue, or any indication from Plaintiffs' counsel that the additional depositions would affect the trial date or the Court's other pretrial deadlines.[1]

10. Plaintiffs' counsel thereafter did not contact Defendants regarding the scheduling of any remaining depositions until approximately December 29, 2020. Now, Plaintiffs have made clear that they wish to essentially reopen discovery to depose all nine of the un-deposed Defendant Officers and significantly amend the summary judgment briefing schedule and all case deadlines after all the Defendants have prepared and filed their respective Motions for Summary Judgment.

11. In agreeing to permit Plaintiffs to take remaining depositions after the close of discovery if necessary, counsel for the Defendant Officers had assumed the depositions would be taken days after the close of discovery if necessary, rather than months.

12. Notwithstanding the foregoing, Defendants submit that contrary to the assertion in Plaintiffs' Motion, it is entirely possible for Plaintiffs to respond to Defendants' Motions for Summary Judgment at the present time. Accordingly, any additional depositions that Plaintiffs may seek

---

[1] All counsel were aware that the Court's Amended Scheduling Order entered in August of 2020 indicated that no further amendments to the pretrial schedule would be granted. [D.E. 49].

to take should not impact the summary judgment schedule and should not effect the trial date of this cause, which is not scheduled to commence until the two-week period beginning August 16, 2021.

13. Pursuant to Fed. R. Civ. P. 56(b), "[u]nless a different time is set by local rule or the court orders otherwise, a party may file a motion or summary judgment at <u>any time</u> until 30 days after the close of all discovery." (emphasis added).

14. To the extent that Plaintiffs seek to memorialize the testimony additional Defendant Officers in the unlikely event they are unavailable for trial, Defendants maintain that they do not object to Plaintiffs taking such depositions, as previously stated.

15. However, the depositions of additional Defendant Officers that Plaintiffs seek to take are simply not necessary for Plaintiffs to respond to Defendants' pending Motions for Summary Judgment and do not justify a wholesale amendment of the scheduling order and all deadlines as requested by Plaintiffs.

16. Moreover, all relevant acts of the Defendant Officers and the Plaintiffs were captured on numerous videos recorded contemporaneously on the date of the subject incident giving rise to this matter, which have been submitted to this Court in support of Defendants' Motions for Summary Judgment via conventional filing. [D.E. 65].

17. While Defendants sympathize with the personal difficulties cited by Plaintiffs' counsel in Plaintiffs' Motion and have already sought to accommodate Plaintiffs' counsel by agreeing to allow for the depositions to be taken outside of the discovery period, Defendants submit that an entirely amended case management plan or significant extension of deadlines at this juncture would be inappropriate and unfairly prejudicial to the Defendants.

18. If Plaintiffs believed that the requested relief was necessary and justified a significant amendment to the summary judgment briefing schedule, Defendants submit that Plaintiffs should have moved – and had adequate opportunity to move – the Court for such relief before Defendants undertook the tremendous expenditures of time and resources that were required for Defendants to prepare their respective Motions for Summary Judgment and Statement of Facts in Support.[2]

19. Defendants do not object to the Court providing Plaintiffs with a reasonably brief extension of time to respond to Defendants' Motions for Summary Judgment, given the personal difficulties cited by Plaintiffs' counsel in Plaintiffs' Motion, but respectfully submit that any further relief is not warranted or equitable under these circumstances.

**WHEREFORE**, based upon the foregoing, Defendants respectfully request that this Honorable Court enter an order denying Plaintiffs' Motion to the extent it seeks relief beyond that to which they have agreed herein, and providing any further relief that this Court deems equitable and just.

Dated this 24th day of February, 2021.

Respectfully Submitted,

| | |
|---|---|
| s/Robert L. Switkes | RAUL J. AGUILA, CITY ATTORNEY |
| Robert L. Switkes, Esq. | CITY OF MIAMI BEACH |
| Florida Bar No. 241059 | 1700 CONVENTION CENTER DR., 4TH FL |
| rswitkes@switkeslaw.com | MIAMI BEACH, FLORIDA 33139 |
| **SWITKES & ZAPPALA, P.A.** | TELEPHONE: (305) 673-7470 |
| 407 Lincoln Road, Penthouse SE | s/Robert F. Rosenwald |
| Miami Beach, Florida 33139 | Robert F. Rosenwald, Jr., Esq. |
| Telephone: (305) 534-4757 | First Assistant City Attorney |
| Facsimile: (305) 538-5504 | Florida Bar No. 019003 |
| *Attorneys for Defendant Officers* | E-Mail: RobertRosenwald@miamibeachfl.gov |
| | *Attorneys for Defendant, City of Miami Beach* |

---

[2] Defendants do not intend to suggest that Plaintiffs' counsel has acted maliciously or with ill intent and note that counsel for the Parties have generally enjoyed a civil working relationship throughout these proceedings.

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on this 24th day of February, 2021, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or *pro se* parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

                                           s/Robert L. Switkes
                                           Robert L. Switkes, Esq.

## SERVICE LIST
*Florida Carry, Inc., et al v. City of Miami Beach, et al.*
**United States District Court, Southern District of Florida**
**Case No.: 19-cv-22303-KMW**

**Eric Friday, Esq.**
Kingry & Friday
1919 Atlantic Blvd.
Jacksonville, Florida 32207
Phone: 904-722-3333
Fax: 954-900-1208
E-Mail: efriday@ericfriday.com
*Attorney for Plaintiffs*

**Noel H. Flasterstein, Esq.**
Law Offices of Noel H. Flasterstein
1700 S. Dixie Hwy, Suite 501
Boca Raton, Florida 33432
Phone: 813-919-7400
*Attorney for Plaintiffs*

**Mark Fishman, Esq.**
1700 Convention Center Drive
4th Floor, Legal Department
Miami Beach, Florida 33139
Phone: 305-673-7470
*Attorney for Defendant, City of Miami Beach*

**Robert F. Rosenwald, Esq.**
1700 Convention Center Drive
4th Floor, Legal Department
Miami Beach, Florida 33139
Phone: 305-673-7470
Fax: 305-673-7002
E-Mail: RobertRosenwald@miamibeachfl.gov
*Attorney for Defendant, City of Miami Beach*