UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No.: 19-cv-22303-KMW

FLORIDA CARRY, INC., a
Florida not for profit corporation, *et al.,*

    Plaintiffs,
vs.

CITY OF MIAMI BEACH, *et al.,*

    Defendants.
_____/

## DEFENDANTS' RESPONSE TO PLAINTIFFS' STATEMENT OF UNDISPUTED FACT IN SUPPORT OF PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT

Defendants, CITY OF MIAMI BEACH (the "City"), and MICHAEL GARCIA ("Officer M. Garcia"), KENNETH BOLDUC ("Sgt. Bolduc"), GUSTAVO VILLAMIL ("Officer Villamil"), BRIAN RIVERA ("Officer Rivera"), EDUARDO GARCIA ("Lt. E. Garcia"), JESSICA SALABARRIA ("Sgt. Salabarria"), NAHAMI BICELIS ("Officer Bicelis"), ROBERT MITCHELL ("Officer Mitchell"), LAVANIEL HICKS ("Officer Hicks"), and ELIZABETH VIDAL ("Officer El. Vidal") (collectively, the "Defendant Officers") (and collectively altogether, the "Defendants"), by and through their undersigned counsel, and pursuant to Fed. R. Civ. P. 56, hereby jointly file their Response to Plaintiffs' Statement of Undisputed Fact in Support of Plaintiffs' Opposition to Defendants' Motions for Summary Judgment [D.E. 69-1], and state as follows in response to each numbered fact which Plaintiffs assert are undisputed for purposes of summary judgment:[1]

### GENERAL OBJECTION

As an initial matter, Defendants assert a general and standing objection to each alleged fact contained in Plaintiffs' Statement of Undisputed Facts on the grounds that Plaintiffs have asserted

---

[1] The following responses are tendered solely for purposes of summary judgment and should not be deemed admissions for trial or other purposes.

facts without providing any citations to the record or other admissible evidence in support of their assertions, which fails to comply with the requirements of Fed. R. Civ. P. 56. Defendants further object to the extent that Plaintiffs asserted facts conflict with Defendants' undisputed facts that have previously been deemed as admitted by the Court. *See* [D.E. 62]. Accordingly, and pursuant to Fed. R. Civ. P. 56(c), Defendants respectfully submit that Plaintiffs' assertions of fact should not and need not be considered by this Court in ruling on Defendants' Motions for Summary Judgment.

## DEFENDANTS' RESPONSES TO PLAINTIFFS' "UNDISPUTED FACTS"

1. Admitted.

2. Admitted that Plaintiffs were gathering as members or supporters of Plaintiff, Florida Carry Inc., and that their intended purpose was to "exercise their fundamental right to keep and bear arms," Denied that a true purpose of the gathering was fishing. For example, shortly after his arrival, Plaintiff Gutierrez dropped an un-baited line into the water before leaning his fishing rod on the south-side railing and walking away, quietly telling Plaintiff Taylor, "I'm not gonna catch anything, I didn't even bring bait." [D.E. 57, ¶ 25]. Nevertheless, Defendants note that any dispute as to this issue is immaterial for purposes of summary judgment here.

3. Admitted that Plaintiffs purport to have been gathering for this purpose.

4. Admitted that Plaintiffs purport to have been gathering for this purpose.

5. Admitted that Plaintiff Taylor purported to have been in possession of such papers for such purpose.

6. Admitted that Plaintiffs Taylor, Philpot, Jenkins, and Devine entered onto the South Pointe Pier at approximately sometime between 9:00 A.M. and 10:00 A.M. and that Plaintiff Gutierrez arrived at approximately 10:00 A.M. Admitted also that one of the many purposes of the Pier is fishing. Denied that the true purpose of Plaintiffs' presence on the Pier was to engage in fishing. *See* Resp.

to ¶ 2, *supra*. Nevertheless, Defendants note that any dispute as to this issue is immaterial for purposes of summary judgment here.

7. Admitted that on June 24, 2018, a City sign was present at the South Pointe Pier that stated firearms and fireworks on the Pier, along with a list of other rules. However, Defendants note that the sign had been inadvertently left up and did not accurately represent authorized City policy at that time. Defendants further note that the Defendant Officers did not rely upon the sign for their authority to detain or otherwise take any actions with respect to the Plaintiffs on the date in question. [D.E. 57, ¶¶ 47, 62].

8. Admitted that Plaintiffs Taylor, Philpot, Jenkins, and Devine were approached by Park Ranger Vinas, an employee the City.

9. Denied, as the record evidence establishes Park Ranger Vinas did in fact tell Plaintiffs that they needed to put their firearms away because open carry was not permitted. [D.E. 57, ¶ 18]. Plaintiffs' assertion that "Ranger Vinas did not tell Plaintiffs that open carry was illegal, but instead claimed that firearms were not permitted on the pier" based on his understanding of the City's policy is demonstrably false. The transcript of the video recorded by Plaintiff Taylor (and the video itself) reveals this:

> PARK RANGER: Good morning.
> MR. TAYLOR:    How you doing?
> PARK RANGER: That's got to go away.
> MR. TAYLOR:    What does?
> PARK RANGER: That gun right there.
> MR. TAYLOR:    Why?
> PARK RANGER: Because you can't carry open.

*See* Defs' Appx., [Ex. C, 01:40-02:00]; [Ex. C-1, 2:16-22]. Accordingly, Defendants note that there is no legitimate dispute of material fact on this issue for purposes of summary judgment.

10. Admitted to the extent that Ranger Vinas' actions and instructions at the relevant times are known.

11. Admitted that Park Ranger Vinas' duty was to act as a civilian security guard for the park. Denied as to Plaintiffs' assertion that Vinas gave Plaintiffs an express directive based upon the belief and/or reasons Plaintiffs allege, and further denied that Plaintiffs have adequate grounds to assert Vinas' mental processes during the relevant period as undisputed fact. *See* Resp. to ¶ 9, *supra*. Accordingly, Defendants note that there is no legitimate dispute of material fact on this issue.

12. Denied that Park Ranger Vinas gave Plaintiffs a "directive to remove their firearms from the Pier." *See* Defs' Appx., [Ex. C]; [Ex. C-1]; *see also* Defs' Appx., [Ex. C]; [Ex. C-1]. Nevertheless, Defendants note that the factual issues implicated are immaterial for purposes of summary judgment here.

13. Denied. *See* Resp. to ¶¶ 7, 9, 11-12, *supra*. Based on these prior responses, Defendants note that Plaintiffs have failed to establish a legitimate dispute of material fact on this issue.

14. Admitted that Plaintiffs declined to comply with Park Ranger Vinas' request to put their firearms away, and that Plaintiffs purport to have done so for the reasons stated.

15. Admitted, except to the extent that Plaintiffs contend Taylor did not act rudely at times during his interaction with Park Ranger Vinas, which is an immaterial issue for purposes of summary judgment here. *See* Defs' Appx., [Ex. C]; [Ex. C-1].

16. Admitted that Plaintiff Taylor purported that he was attempting to "educate" Park Ranger Vinas by offering Vinas a paper allegedly containing the relevant statute and claiming that Plaintiffs were acting in full accordance with Florida law.

17. Admitted that Plaintiffs refused to comply with Park Ranger Vinas' request to put their firearms away, denied that Vinas gave Plaintiffs an express directive or took any enforcement action, although these minor disputes are immaterial for purposes of summary judgment here. Further admitted that after his discussion with the Plaintiffs, Park Ranger Vinas left the area and called City of Miami Beach Police Dispatch. *See* [D.E. 57, ¶ 22].

18. Admitted.

19. Denied as phrased, and further noted that Plaintiffs have failed to cite to any record evidence in support of the assertions herein, which are moreover immaterial for purposes of summary judgment here.

20. Denied as phrased, and further noted that Plaintiffs have failed to cite to any record evidence in support of the assertions herein, which are moreover immaterial for purposes of summary judgment here.

21. Admitted that the Initial Officers briefly spoke with Park Ranger Vinas before proceeding onto the Pier.

22. Admitted to the extent that such information, if any, is not in the record.

23. Unknown, as Plaintiffs have failed to cite to any record evidence in support of these assertions, which are nevertheless immaterial for purposes of summary judgment here.

24. Admitted.

25. Admitted to the extent that fishing rods, at least some of which had lines in the water, were leaned against the railing of the Pier when the Initial Officers approached Plaintiffs Taylor, Philpot, Jenkins, Devine, and Gutierrez. Defendants note that none of the Plaintiffs were holding a fishing rod at any time from the Initial Officers' first visual of the Plaintiffs through the time they initiated the investigatory stop, and further note that at least one of the lines was not even baited. [D.E. 57, ¶ 25]; Defs' Appx., [Ex. Q, 2:00-2:20]. Moreover, Defendants note that any dispute as to whether the Plaintiffs were in fact fishing is immaterial for purposes of summary judgment here.

26. Admitted that each of the Plaintiffs present upon the Initial Officers' arrival was within such proximity to fishing equipment; unknown what, if any, equipment belonged to each.

27. Unknown as to whether each Plaintiffs had all such items, and Plaintiffs have failed to cite to any record evidence in support of this assertion. As to Plaintiff Gutierrez's comment, Defendants note

that a fishing "spoon" has no efficacy if simply dropped in the water and not actively reeled. Moreover, Defendants note that any dispute as to whether the Plaintiffs were in fact fishing is immaterial for purposes of summary judgment here.

28. Admitted.

29. Admitted in part. While three of the Initial Officers pointed their guns at the armed Plaintiffs upon arrival. Sergeant Bolduc did not point his weapon at the Plaintiffs but instead had his weapon drawn in the "low-ready" position. [D.E. 57, ¶ 28]. Additionally, Sergeant Bolduc did not personally disarm any of the Plaintiffs. [D.E. 57, ¶¶ 29-32].

30. Admitted that Plaintiffs were disarmed of their visible firearms and some frisked for weapons for officer and citizen safety but denied that they were subjected to full searches by officers. Moreover, Plaintiffs have failed to cite to any record evidence in support of this assertion.

31. Admitted to the extent that the times stated are approximations.

32. Denied as phrased, and further noted that Plaintiffs have failed to cite to any record evidence in support of the assertions herein.

33. Denied as phrased, and further noted that Plaintiffs have failed to cite to any record evidence in support of the assertions herein.

34. Denied as phrased, and further noted that Plaintiffs have failed to cite to any record evidence in support of the assertions herein.

35. Denied as phrased, and further noted that Plaintiffs have failed to cite to any record evidence in support of the assertions herein.

36. Denied as phrased, and further noted that Plaintiffs have failed to cite to any record evidence in support of the assertions herein.

37. Denied as phrased, and further noted that Plaintiffs have failed to cite to any record evidence in support of the assertions herein.

38. Admitted.

39. Admitted to the extent that, for purposes of officer safety, several officers and the individual Plaintiffs walked from the Pier to a nearby parking lot, at which time officers returned all weapons and miscellaneous property to Plaintiffs with written property release sheets. [D.E. 57, ¶¶ 58-59].

40. Admitted to the extent that, while Plaintiffs were informed that they were free to go, they were given the option to proceed to the parking lot if they wished to have their weapons returned to them at that time. Plaintiffs cite to no evidence that shows they were not free to decline this request and to have their weapons returned to them in another manner deemed safe by officers. [D.E. 57, ¶ 56, 58].

41. Admitted to the extent that this was the procedure by which Plaintiffs' firearms were returned to them but denied that Plaintiffs were required to open their vehicles had they declined to do so. Defendants further note that Plaintiffs have presented no evidence which shows that they did not consent to this procedure or that they were not free to decline the request to open their vehicles for officers and have their weapons returned to them in another manner deemed safe.

42. Admitted.

43. Denied, and further noted that Plaintiffs have failed to cite to any record evidence in support of the assertion herein.

44. Denied as phrased, and further noted that Plaintiffs have failed to cite to any record evidence in support of the assertion herein.

45. Denied as phrased, and further noted that Plaintiffs have failed to cite to any record evidence in support of the assertion herein.

46. Admitted.

47. Admitted.

48. Denied as phrased, and further noted that Plaintiffs have failed to provide a complete and accurate recitation of the applicable law or any citation to record evidence in support of the assertion herein.

Dated this 26th day of March, 2021.

| | |
|---|---|
| s/Robert L. Switkes | RAUL J. AGUILA, CITY ATTORNEY |
| Robert L. Switkes, Esq. | CITY OF MIAMI BEACH |
| Florida Bar No. 241059 | 1700 CONVENTION CENTER DR., 4TH FL |
| rswitkes@switkeslaw.com | MIAMI BEACH, FLORIDA 33139 |
| s/Bradley F. Zappala | TELEPHONE: (305) 673-7470 |
| Bradley F. Zappala, Esq. | FACSIMILE: (305) 673-7002 |
| Florida Bar No. 111820 | s/Robert F. Rosenwald |
| bzappala@switkeslaw.com | Robert F. Rosenwald, Esq. |
| **SWITKES & ZAPPALA, P.A.** | E-Mail: RobertRosenwald@miamibeachfl.gov |
| 407 Lincoln Road, Penthouse SE | *Attorneys for Defendant, City of Miami Beach* |
| Miami Beach, Florida 33139 | |
| Telephone: (305) 534-4757 | |
| Facsimile: (305) 538-5504 | |
| *Attorneys for Defendant Officers* | |

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on this 26th day of March, 2021, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

s/Bradley F. Zappala
Bradley F. Zappala, Esq.

## SERVICE LIST

*Florida Carry, Inc., et al v. City of Miami Beach, et al.*
**United States District Court, Southern District of Florida**
**Case No.: 19-cv-22303-KMW**

**Eric Friday, Esq.**
Kingry & Friday
1919 Atlantic Blvd.
Jacksonville, Florida 32207
Phone: 904-722-3333
Fax: 954-900-1208
E-Mail: efriday@ericfriday.com
*Attorney for Plaintiffs*

**Noel H. Flasterstein, Esq.**
Law Offices of Noel H. Flasterstein
1700 S. Dixie Hwy, Suite 501
Boca Raton, Florida 33432
Phone: 813-919-7400
*Attorney for Plaintiffs*

**Mark Fishman, Esq.**
1700 Convention Center Drive
4th Floor, Legal Department
Miami Beach, Florida 33139
Phone: 305-673-7470
*Attorney for Defendant, City of Miami Beach*

**Robert F. Rosenwald, Esq.**
1700 Convention Center Drive
4th Floor, Legal Department
Miami Beach, Florida 33139
Phone: 305-673-7470
Fax: 305-673-7002
E-Mail: RobertRosenwald@miamibeachfl.gov
*Attorney for Defendant, City of Miami Beach*